DILLON v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

STREET RAILROADS—COLLISION—AMBULANCE—RIGHT OF WAY.

A city ordinance provided that an "ambulance of the department of health" should have the right of way in the streets. In an action by plaintiff for injuries sustained in a collision between an ambulance and a street car of defendant in which plaintiff was a passenger, the court charged that the ambulance, which was under the jurisdiction of the department of health, but did not belong to it, had the right of way. *Held* error, as such an ambulance was not within the ordinance.

Appeal from trial term, Kings county.

Action by Catherine Dillon against the Nassau Electric Railroad Company. From an order setting aside a verdict in favor of plaintiff and granting a new trial, plaintiff appeals. Affirmed.

A city ordinance provided that an ambulance of the department of health should have the right of way in the streets. Plaintiff sustained injuries in a collision between an ambulance and a street car of defendant in which she was a passenger. The ambulance was under the jurisdiction of the department of health, but did not belong to it.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

James C. Cropsey, for appellant.
John L. Wells, for respondent.

PER CURIAM. We cannot say that the charge to the effect that the ambulance had the right of way may not have influenced the jury to some extent. The ordinance gives the right of way only to "ambulances of the department of health." There was not sufficient evidence here to establish the fact that this ambulance was within the ordinance. If the ordinance relates to all ambulances, there is no reason apparent why general words should not be used embracing all, for it is assumed that all the ambulances in use are in some sense under the jurisdiction of the health department. The learned trial justice, on reflection, decided that his ruling was erroneous, and we

see no reason to disturb that conclusion. The order setting aside the verdict and granting a new trial should be affirmed.

Order setting aside verdict and granting new trial affirmed; costs to abide the event.